R&F

Pro Se
JOHN B. Carnett IV
95 Salem Street Greenwich, NY 12834
carnett@reclaimcraft.com

2024 FEB 14  PM 12: 37
CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

# THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF NEW YORK

| In re: | | Chapter 7 |
|---|---|---|
| JEFFREY SCOTT DAVIDSON | | Case No.: 23-11130 |
| (SSN: xxx-xx-0531) | | |
| *Debtor.* | | |

## AMENDED MOTION OF JOHN B. CARNETT IV FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND PRODUCTION OF DOCUMENTS OF JEFFREY SCOTT DAVIDSON

John B. Carnett IV, hereby moves (the "Motion") this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the examination pursuant to Bankruptcy Rule 2004 of Jeffrey Scott Davidson for the production of documents by Jeffrey Scott Davidson to John B. Carnett IV.

In support of the Motion, John B. Carnett IV respectfully states as follows:

### PRELIMINARY STATEMENT

1. John B. Carnett IV, (Movant) is a Creditor in the Debtor's Chapter 7 Bankruptcy.

1

## **TIMELINE**

2. The Debtor executed a Promissory Note for $21,000 on April 26, 2022 with the Movant. The Debtor agreed to pay the Movant the full amount of unpaid principal and interest ($21,840), on July 26, 2022

3. Movant provided $21,000 to the Debtor on April 26, 2022

4. On July 21, 2022 the Debtor advised the Movant to send the Promissory Agreement to the Debtors Accountant Mr. Naveen Mohan so that Mr. Mohan could generate payment to the Movant. The Movant sent the information via e-mail to Mr. Mohan on July 21, 2022

5. On July 26, 2022 the loan was due. No monies were paid to the Movant when the loan became due. The Debtor defaulted on the loan.

6. On July 28, 2022 the Debtor sent the Movant an e-mail informing the Movant that he was *"waiting on a few checks to arrive, should be any day now. As soon as they clear I can start paying you back"*

7. On August 11, 2022 the Debtor made a partial payment of $5,000 to the Movant- At the time of the $5,000 payment $81.77 in additional interest had accrued. With the partial payment of $5,000 made by the Debtor on August 11, 2022 the unpaid principal and interest still owed to the Movant was now $16,921.77

2

8. On September 7, 2022 the Debtor sent the Movant an e-mail saying *"I'm planning on getting you another $5,000 this month though...."* (No monies arrived from the Debtor)

9. On March 8, 2023 the Movant sent a Promissory Note Status Report to the Debtor advising the Debtor that the loan was **225 days PAST DUE** and continued to be in DEFAULT. Movant advised the Debtor that an additional $1,550 in interest had been added to the loan balance bringing the balance due on March 8, 2023 to $18,471.77

10. On April 28, 2023 the Movant sent a Promissory Note Status Report to the Debtor advising the Debtor that the loan was **277 days PAST DUE** and remained in DEFAULT. Movant advised the Debtor that the loan balance with current interest due was now $18,849.17

11. On April 28, 2023 the Debtor responded to the Movant *"I'm finally done with that fucking Schroon Lake job so as of Wed all work is billable. I plan on kicking you money as soon as possible, even if it's $1000 or $2000." "You're definitely not the bad guy man, I'm trying to get back rolling after paying $35k in labor from other jobs. I have the work, but I literally just got to where everyone is generating income and I'm back on jobs laying rock."*

12. On May 4, 2023 the principal and interest loan balance was $18,856.57 and **283 days PAST DUE** the Debtor made a $1,000 payment to the Movant - This made the loan balance due $17,856.57

3

13. On May 14, 2023 after **293 days being PAST DUE** the Movant sent a Promissory Note Status / Amortization Schedule to the Debtor after the Debtor told the Movant that he was prepared to finally pay down the loan balance. The Debtor only made three payments to the Movant: a $2,250 payment on 05/15/2023, a $2,250 payment 06/03/2023 and a $2,250 payment on 06/16/2023

14. The Debtor failed to make the promised payment of $2,250 that was due on June 26, 2023. The Debtor failed to make any more payments and ignored requests from the Movant to address the outstanding loan balance. The Debtor now **336 days PAST DUE** had a loan balance on June 26, 2023 of $11,106.57 and continued to be in Default

15. The Debtor sent the Movant an e-mail on July 22, 2023 *"I totally understand where you're coming from and I'll do my best to pay you as fast as possible once I start getting paid from my new job. I will look into getting another home equity loan next week."*
*"I'm hitting trustco next week, hopefully that plays out, even if it's not the full amount. Once I'm receiving consistent pay I'll be able to get you consistent payments, but it's definitely not going to be what it was when I was self employed. I'll keep you posted."*

16. On September 13, 2023 **415 days PAST DUE** the Debtor's father John Davidson sent an e-mail to the Movant indicating that he would be sending a cashier check for $5,800 to the Movant by September 30, 2023. John Davidson's check never arrived to the Movant. The Movant made several attempts to reach John Davidson via e-mail and text with no response from Mr. Davidson.

4

17. On October 4, 2023 **436 days PAST DUE** the Movant sent the Debtor a Notice of Intent to Sue and gave the Debtor until October 20, 2023 to resolve the debt -If the Debtor did not resolve the debt by October 20, 2023 the Movant would instigate legal proceedings. The Debtor continued to ignore the Movant and made no contact and no payment.

18. After **463 days of the Debtor being PAST DUE** the Movant filed a Complaint against the Debtor in the SUPREME COURT OF THE STATE OF NEW YORK WASHINGTON COUNTY on 10/31/2023.

19. The Debtor filed for Chapter 7 Bankruptcy a few days later on 11/03/2023.

## ANALYSIS

20. The Debtor owes the Movant a debt based on the executed Promissory Note **(EXHIBIT "C")**

21. The Debtor provided the Movant with spoken guaranteed statements regarding his business performance in order to obtain the original loan and it's terms. The Movant justifiably relied on the representation's made by the Debtor as being truthful to provide the unsecured loan terms to the Debtor. The Debtor told the Movant that the Debtor had several large client's with multi jobs in process with "hundreds of thousands" of dollars in payments coming- The Debtor told the Movant that the monies provided by the Movant would be used to shore up the Debtors business for the short term 90 days of the loan. The Debtor told the Movant as well as Andrew C. Kelly, Esq during the execution of the Promissory Note that the Debtor would not have any

difficulty repaying the 90 day bridge loan provided by the Movant. At no time in determining whether to grant a loan to the Debtor did the Debtor disclose any litigation, claim, investigation, administration proceeding or similar action against him was pending or threatened.

22. On July 26, 2022 the day the loan was due in full the Debtor paid nothing to the Movant and defaulted on the loan.

23. After the Debtor defaulted on the loan to the Movant. The Debtor engaged in a series of communications and conduct for a period over 400 days. The Debtors conduct included: Implied misrepresentations and actions intended to create or foster false impressions to induce the Movant to continue to believe that the Debtor would fully pay the loan in full.

24. The Movant had valuable collection remedies available each and every time that the Debtor induced the Movant to further extend the loan. For example: The Movant could have executed a lawsuit the very day that the Debtor defaulted. With a judgement against the Debtor the Movant could have placed a lien on the Debtor's house. It is highly likely the Movant would have had the leverage at that time to collect the full sum from the Debtor. The Movant did not exercise those remedies based on the Debtors continued misrepresentations. Ultimately, when the Movant did file against the Debtor in the SUPREME COURT OF THE STATE OF NEW YORK, WASHINGTON COUNTY on 10/31/2023 it was **463 DAYS** after the Debtor defaulted. The remedy lost all value during the loan extension period because just days later the Debtor filed for bankruptcy and the action was stayed.

25. The Movant has demonstrated good cause and shown via the above analysis that a Rule 2004 Examination is necessary based on the Debtors actions. A refusal to order a Rule 2004 Examination would result in undue hardship to the Movant, if not injustice. The Movant is seeking to review the Debtor's acts, conduct, income, liabilities, payments to suppliers, payments to creditors and financial condition during the time period- April 26, 2022 to OCTOBER 31, 2023. All information provided by the Debtor to the Movant could effect the Debtor's right to a bankruptcy discharge or effect the administration of the debtor's estate.

26. Through this Motion, Movant seeks entry of an order, substantially in the form annexed hereto as Exhibit B, authorizing the Movant to issue a subpoena to Jeffery Scott Davidson, requiring them to (a) produce the documents described on **Exhibit A**, attached hereto (the "Requests"), and (b) provide deposition testimony to John B. Carnett IV regarding the information sought through the requests.

## RELEVANT FACTS

27. On November 3, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 7 of the United States Code (the "Bankruptcy Code"). The Movant made reasonable efforts to arrange a mutually convenient date, time and place of examination of the Debtor. The Debtor's attorney refused to schedule the examination.

7

## JURISDICTION

28. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004.

## RELIEF REQUESTED

29. The Movant respectfully requests entry of an order pursuant to Bankruptcy Rule 2004, substantially in the form annexed hereto as **Exhibit B**, authorizing the Movant to issue subpoenas to Jeffrey Scott Davidson requiring them to (a) produce the documents described in the Requests, and (b) provide deposition testimony to the Movant regarding the information sought through the Requests.

## BASIS FOR RELIEF

30. Bankruptcy Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004(a). Bankruptcy Rule 2004 is primarily used for "revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining what wrongdoing occurred."

31. Pursuant to Bankruptcy Rule 2004, a party in interest may seek both document and oral discovery related to "acts, conduct, or property of the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the

8

debtor's right to a discharge." Bankruptcy Rule 2004(b). Under Bankruptcy Rule 2004(c), the "attendance of an entity for examination and the production of documents may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial." Bankruptcy Rule 2004(c). In turn, Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 (governing subpoenas) applicable in cases under the Bankruptcy Code. Bankruptcy Rule 9016.

32. Unlike discovery under the Federal Rules of Civil Procedure (the "Civil Rules"), discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device." As such, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between parties.

33. Moreover, the scope of a Bankruptcy Rule 2004 examination is broader than that of discovery under the Civil Rules or the Bankruptcy Rules governing adversary proceedings. In fact, courts have recognized that Bankruptcy Rule 2004 examinations may be "broad" and "unfettered," and can legitimately be in the nature of a "fishing expedition."

34. The decision whether to authorize the requested discovery rests within the bankruptcy court's sound discretion. Courts authorize discovery under Bankruptcy Rule 2004 to assist in recovering assets for the benefit of a debtor's creditors.

35. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order . . . that is necessary or appropriate to carry out provisions of this title." 11 U.S.C. § 105(a).

9

36. Here, the requested relief is well within the scope of Bankruptcy Rule 2004. Only with this request granted will it be possible to assist with maximizing creditor recoveries.

37. Based on the foregoing, the Movant seeks entry of an order, substantially in the form annexed hereto as **Exhibit B**, authorizing Movant to issue a subpoena to Jeffrey Scott Davidson, requiring them to (a) produce the documents described in the Requests, and (b) provide deposition testimony to the Movant regarding the information sought through the Requests.

## NOTICE

38. Notice of this Motion has been given to (a) the U.S. Trustee; (b) counsel to the Debtor; (c) all parties that filed a notice of appearance in this Case as of the date hereof; In light of the nature of the relief requested herein, Movant submits that no other or further notice is required.

WHEREFORE, Movant respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as **Exhibit B**, granting the relief sought herein; and (ii) grant such other and further relief to the Movant as the Court may deem proper.

**IF YOU INTEND TO OPPOSE THIS MOTION, WRITTEN OPPOSITION MUST BE FILED WITH THE CLERK OF THE COURT AND SERVED ON MOVANT AT LEAST SEVEN (7) DAYS PRIOR TO THE RETURN DATE. IF YOU DO NOT FILE AND SERVE WRITTEN OPPOSITION, NO HEARING WILL BE HELD ON THE RETURN DATE AND THE COURT MAY GRANT THE MOTION AS UNOPPOSED.**

Date: February 12, 2024

|  |  |
|---|---|
|  | **JOHN B. CARNETT IV** *[signature]* <br><br> JOHN B. CARNETT IV <br> Pro Se <br> 95 Salem Street Greenwich, NY 12834 <br><br> Email: carnett@reclaimcraft.com |

**Exhibit A**

## REQUESTS

## INSTRUCTIONS

1. For purposes of interpreting or construing the scope of these requests (the "Requests"), the terms used shall be given the most expansive and inclusive interpretation, unless specifically limited in the Request.

2. If You object to any part of the Request, You shall set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

3. If You withhold any document responsive to the Request under a claim of privilege, You shall, for each such withheld document, provide a description of the document and a statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit John B. Carnett IV and the Court to evaluate the claim(s) of privilege.

4. In the event that any document called for hereby was formerly in Your possession, custody, or control and has been lost or destroyed, that document is to be identified in writing as follows: (1) addressor, addressee, person who prepared or authorized the document, indicated or blind copies; (2) date of preparation or

transmittal; (3) subject matter; (4) number of pages, attachments, or appendices; (5) all persons to whom distributed; (6) date of loss or destruction; and (7) if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction, and persons who destroyed the document.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these requests:

5. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Debtor" means Jeffery Scott Davidson, Upstate Rock, LLC & Jeff Davidson Stone, LLC.

9. "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10. "Petition" means the Debtor's voluntary petition filed in its chapter 7 case no. 23-11130-1rel in the United States Bankruptcy Court for the Northern District of New York.

11. "You" means Jeffery Scott Davidson and any and all of its parents, subsidiaries, affiliates, officers, directors, employees, agents, representatives, beneficiaries, and partners.

## **REQUESTS FOR DOCUMENTS**

1. All banking statements from ALL checking accounts held by the Debtor between April 26, 2022 and October 31, 2023

2. ALL payments made from or to: TEAKWOOD 75 Church Street Saratoga Springs, NY 12866 and the Debtor between April 26, 2022 and October 31, 2023

3. ALL payments made from or to: ROUNDTREE CONSTRUCTION 11 Main Street., Set 201B Vergennes, VT 05491 and the Debtor between April 26, 2022 and October 31, 2023

4. ALL payments made from or to: HILLTOP CONSTRUCTION 3027 4th Street Hudson Falls, NY 12839 and the Debtor between April 26, 2022 and October 31, 202

5. Export Accounting Ledger report (EXCEL) containing ALL transactions entered by Mohan & Mohan Tax Services, Inc. 451 River Road Eagle Bridge, NY 12057 for the Debtor between April 26, 2022 and October 31, 2023

6. VENMO records of monies sent & received by the Debtor between April 26, 2022 and October 31, 2023

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| In re: | | Chapter 7 |
|---|---|---|
| JEFFERY SCOTT DAVIDSON | | Case No.: 23-11130 |
| (SSN: xxx-xx-0531 | | |
| *Debtor.* | | |

**Exhibit B**

**ORDER AUTHORIZING JOHN B. CARNETT IV TO OBTAIN
DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004**

This matter coming before the Court on the Motion of John B. Carnett IV (the "Movant") for entry of an order, pursuant to Bankruptcy Rule 2004, authorizing the examination pursuant of the Debtor (the "Motion");[1] the Court having reviewed and considered the Motion and accompanying papers; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that

1. The Motion is GRANTED.

2. The Debtor will produce to Movant all requested documents within thirty days of entry of this order.

3. The Movant is authorized to, in its discretion, seek examinations of the Debtor with respect to all requested documents pursuant to Bankruptcy Rule 2004 substantially as described in the Requests attached as **Exhibit A** to the Motion.

4. The Movant is authorized to issue subpoenas directing production of all documents pursuant to Rule 2004 to the Debtor.

5. Nothing contained herein shall prejudice Movant's rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions and written and oral examinations in connected with this case.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order

| | |
|---|---|
| Dated: | _____ <br> THE HONORABLE <br> UNITED STATES BANKRUPTCY JUDGE |

**EXHIBIT C**

$21,000                                                                    Greenwich, New York
                                                                           April 26, 2022

For value received, the undersigned JEFFREY SCOTT DAVIDSON, an individual with an address of 76 Joe Bean Road, Greenwich, NY 12866 (the "Borrower") promises to pay to the order of JOHN B. CARNETT IV, an individual with an address of 95 Salem Street, Greenwich, NY 12834 (the "Lender" or "Holder") Twenty-One Thousand DOLLARS ($21,000) (the "Debt") with interest thereon at Sixteen Percent (16 %) per annum, compounded daily and payable as follows:

The full amount of unpaid principal and interest ($21,840), along with any other charges imposed by this Promissory Note become due and payable on July 26, 2022

There will be no prepayment penalty. Based on a loan period of 91 days, the interest per day is $9.23.

Interest is computed on a year of 365 days. Interest on the unpaid balance will continue to accrue at that rate until the principal is paid in full.

The Borrower waives any notice or demand for payment and further agrees that if Borrower fails to make any payment of principal or interest within thirty (30) days of the due date, the Borrower will be in default.

Payment of this Note is unsecured.

It is hereby agreed that the holder hereof may declare this note and all other present or future obligations, whether created directly or acquired by assignment and whether absolute or contingent, of the undersigned or any party liable herefor to the holder hereof to be due and payable immediately, without demand or notice upon default by the Borrower: upon default in the payment of any installment of principal or of interest when due, or if the undersigned or any party liable herefor becomes insolvent, makes a general assignment for the benefit of creditors, files a voluntary petition in bankruptcy, in any manner takes advantage or attempts to take advantage of any provisions for the relief of debtors under any laws relating to bankruptcy now existing or hereafter enacted by Congress or the Legislature of any State, or has a petition in bankruptcy filed against him; if an application for receivership of any nature is filed or a receiver is appointed of any property or assets of the undersigned or any party liable herefor; or if a notice of tax lien is filed against any property of the undersigned or any party liable herefor.

Upon an Event of Default and the continuance of same after all applicable grace or cure periods, without any further action on the part of the Lender, interest will thereafter accrue on the unpaid principal balance at a Default Rate equal to the lessor of twenty-four percent (24%) per annum or the maximum rate of interest as set forth in Section 14-a of the Banking Law of the State of New York, if applicable, until all outstanding principal, interest and fees are repaid in full by the Borrower.

Unless otherwise provided in any mortgage or other agreement, now or hereafter in effect, pursuant to which payment of the indebtedness hereby represented is secured, the undersigned further agrees to pay all costs and expenses incurred by the holder in collecting or attempting to collect this note,

**EXHIBIT C**

**EXHIBIT C**

including without limitation, if the holder retains counsel for such purpose, reasonable attorney's fees, plus court costs. The undersigned, if more than one, shall be jointly and severally liable hereunder.

_____
Jeffrey Scott Davidson

STATE OF NEW YORK    )
                     )
COUNTY OF WASHINGTON ) ss.:

On this 26th day of April in the year 2022 before me, the undersigned, personally appeared **Jeffrey Scott Davidson** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned.

_____
Notary Public

Andrew C. Kelly
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KE6059670
Notary Public, State of New York
Commission Expires    June 4, 20[23]

**EXHIBIT C**