R&F

Pro Se
JOHN B. CARNETT IV
95 Salem Street Greenwich, NY 12834
carnett@reclaimcraft.com

2024 FEB 23 PM 1:05

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| In re: | | Chapter 7 |
|---|---|---|
| JEFFREY SCOTT DAVIDSON | | Case No.: 23-11130 |
| (SSN: xxx-xx-0531 | | |
| *Debtor*. | | |

## BRIEF OF JOHN B. CARNETT IV FOR REPLY TO: OPPOSITION TO CREDITOR'S MOTION FOR RULE 2004 EXAMINATION

John B. Carnett, IV is a ("Creditor") in the Jeffrey S. Davidson ("Debtor") Chapter 7 Bankruptcy. The Debtors attorney is Elizabeth Fairbanks-Fletcher, Esq. ("Debtors Attorney")

### PRELIMINARY STATEMENT

In our Amended 2004 Motion the Creditor provided details that the Court requested regarding the Debtors actions and conduct. The Creditor demonstrated via 2-19 very specific Debtor actions and a timeline of those actions. In its answer to our Amended 2004 Motion the Debtors Attorney claims that non of the Debtors actions are "Fraud". The Debtors Attorney response to these points is unavailing.

1

**PARAGRAPH 23-24 & 30**   The Creditor in his Amended Rule 2004 stated the following:

*"After the Debtor defaulted on the loan to the Movant. The Debtor engaged in a series of communications and conduct for a period over 400 days. The Debtors conduct included: Implied misrepresentations and actions intended to create or foster false impressions to induce the Movant to continue to believe that the Debtor would fully pay the loan in full."*

*"The Movant had valuable collection remedies available each and every time that the Debtor induced the Movant to further extend the loan. For example: The Movant could have executed a lawsuit the very day that the Debtor defaulted. With a judgement against the Debtor the Movant could have placed a lien on the Debtor's house. It is highly likely the Movant would have had the leverage at that time to collect the full sum from the Debtor. The Movant did not exercise those remedies based on the Debtors continued misrepresentations. Ultimately, when the Movant did file against the Debtor in the SUPREME COURT OF THE STATE OF NEW YORK, WASHINGTON COUNTY on 10/31/2023 it was **463 DAYS** after the Debtor defaulted. The remedy lost all value during the loan extension period because just days later the Debtor filed for bankruptcy and the action was stayed."*

The Debtors Attorney states in her reply in Paragraph 23

*"That is not "fraud" as contemplated by the Bankruptcy Code"*

**The Creditor does not agree with the Debtors Attorney and provides the following that directly relates to the Debtors actions:**

2

## FORBEARANCE CLAIM

### Applicable Law Fraudulently Induced Forbearance

In Ojeda v. Goldberg, 599 F.3d 712 (7th Cir.2010), the United States Court of Appeals for the Seventh Circuit set forth the standard for evaluating a claim for a fraudulently induced forbearance. It stated:

In determining whether a forbearance is fraudulently induced, the Creditor must prove that " '[1] it had valuable collection remedies at the time of the misrepresentation, [2] it did not exercise those remedies based upon the misrepresentation, and [3] that the remedies lost value during the extension period.' " In re Kucera, 373 B.R. 878, 885 (Bankr.C.D.Ill.2007) (quoting In re Beetler, 368 B.R. 720, 730–31 (Bankr.C.D.Ill.2007)).

599 F.3d at 719.

In re Walter G. Peckham and Courtney E. Peckham, 442 B.R. 62, 87 (Bankr. D. Mass. 2010)

### Applicable Law False Pretenses

For example, in Ostertag v. Overall (In re Overall), 248 B.R. 146 (Bankr.W.D.Mo.2000), the court observed:

The concept of false pretenses is especially broad. It includes any intentional fraud or deceit practiced by whatever method in whatever manner. False pretenses "may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak, and may consist of any acts intended to deceive." Black's Law Dictionary 602 (6th ed. 1990). It is a "series of events, activities, or communications which, when considered collectively, create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongly induced by a debtor to transfer property or extend credit to the debtor." Sterna v. Paneras (In re Paneras), 195 B.R. 395, 406 (Bankr.N.D.Ill.1996). Silence or concealment as to a material fact can constitute false pretenses. Bank of Miami v.

3

Quintana (In re Quintana), 4 B.R. 508, 510 (Bankr.S.D.Fla.1980). In short, false pretenses "can be made in any of the ways in which ideas can be communicated." First Nat. Bank of Webster v. Aetna Cas. & Sur. Co., 256 F.Supp. 266, 272 (D.Mass.1966).

In re Overall, 248 B.R. at 150 (footnote omitted). In re Fogarty, 2010 WL 916818 at *7–*8.

In re Walter G. Peckham and Courtney E. Peckham, 442 B.R. 62, 74 (Bankr. D. Mass. 2010)

As noted above, good cause may be found if "the examination is necessary to establish the claim of the party seeking the examination, or if the denial of such request would cause the examiner undue hardship or injustice." In re Dinubilo,177 B.R. at 943 (citing Boeing Airplane v. Coggeshall,280 F.2d 654, 670 (D.C. Cir. 1960); In re Wilcher,56 B.R. at 434).

In re Metiom, Inc., 318 B.R. 263, 270 (S.D.N.Y. 2004)

**PARAGRAPH 13 - 25**     The Creditor has demonstrated via the Debtors actions and the above Applicable Laws that the Creditor has clearly met his burden for a 2004 Examination of the Debtor.

**PARAGRAPH 2**     The Debtor during the pre loan discussions and execution of the loan described to the Creditor "multi" clients (not "one" as the Debtors Attorney alleges) that would be the source of the loan repayment

**PARAGRAPH 3**     The Creditor made routine check in's with the Debtor as shown in the provided e-mail exchanges- The number of these e-mails was minimal during the over 400 days that the Debtor was in default. The Creditor did not "Continually Pressure" the Debtor as the Debtors Attorney alleges. The Creditor had open and honest conversations with the Debtors

4

parents regarding the outstanding loan and it was John Davidson who offered the re payment plan terms to the Creditor.

**PARAGRAPH 4**     The Creditor was **NOT** served notice of the Debtors Chapter 7 filing and stay on November 8, 2023 as the Debtors Attorney incorrectly alleges. The Creditor was first made aware of the Chapter 7 filing when the US Mail arrived to the Creditor on November 13, 2023.

**PARAGRAPH 5-7**   The Creditors contact with the Debtors family occurred on the SAME day that the Creditor was made aware of the Debtors Bankruptcy.  No harm was done. If anything the Creditors contact and messages have come true via the Debtors Attorney pleadings and actions that were created and filed without a "legal basis" causing both the Creditor and the Debtor substantial cost and delays

**PARAGRAPH 8**     The Creditor was NOT in control of the process servers schedule- The Debtors Attorney fails to mention that the Process Server made TWO process service visits to the Debtors home prior to November 13, 2023 the date that the Creditor first became aware of the Debtors Chapter 7 filing. The first effort was on 11/03/2023, The second was on 11/10/2023. The last was on 11/14/2023. The Creditor was not made aware of the Process Servers final schedule until the Affidavit arrived to the Creditor more than a week after the Debtor was last served.

**PARAGRAPH 9**     The Creditor made it clear in all his filings to date that the filing of the State Court Complaint was nothing more than the most basic effort to establish to the Debtor that the Creditor wanted to resolve the matter. As negotiations seemed to be moving along with John

5

Davidson- The Creditor also made it clear that at the time of filing the complaint the Creditor had not read anything regarding bankruptcy law and was not aware of any future claims that he might make

**PARAGRAPH 31** The Trustee Marc Ehrlich made it VERY clear at the first meeting of the creditors that he was aware of the Creditors Rule 2004 Motion Request and told the Creditor that it would be impossible to use the 341 meeting to get the depth of answers that he wanted. While the Creditor did attend two of the three 341 meetings it was clear that the 341v meeting was never going to be the proper venue for the depth of information required.

**PARAGRAPH 32** The Debtors Attorney makes serious allegations against the Creditor for filing pleadings without a "legal basis". The Creditor must now show that is false. The Creditor made every effort possible to not enter the Federal Bankruptcy Court of the Northern District of New York. The Debtors Attorney actions speak for themselves:

A) On November 22, 2023 the Creditor sent the Debtors Attorney an e-mail requesting a Conference to schedule a Rule 2004 Examination (The Debtors Attorney did not reply) (Exhibit 7)

B) On November 27, 2023 at 9:52 AM the Creditor called the Debtors Attorney - The Creditor provided a 21 day window to allow the Debtor and the Debtors Attorney to select a date to sit for the 2004 Exam without the need for the Creditor to file a Motion with the Court. Ultimately, the Debtors Attorney refused to work with the Creditor to schedule the 2004 Exam and told the Creditor that he would have to file a Motion with the Court. (Exhibit 8)

C) PRIOR to the Creditor actually filing his Rule 2004 Motion the Debtors Attorney filed an Adversary Complaint against the Creditor on or about December 4, 2023

6

D) With the Debtors Attorney refusing to confer with the Creditor and schedule the Rule 2004 Examination the Creditor was forced to file his Rule 2004 Motion with the Federal Bankruptcy Court of the Northern District of New York around December 7-8, 2023.

E) The Debtors Attorney was responsible for forcing the Creditor to file the Rule 2004 Motion by failing to confer with the Creditor. The Debtors Attorney was responsible for filing the Adversary Complaint against the Creditor.

F) The Creditor was forced by the Debtors Attorney to spend significant time, money & Federal Court resources to file Motions & Briefs to ultimately have the Adversary Complaint that was created by the Debtors Attorney be Dismissed. If anyone has created and filed pleadings without a "legal basis" it is the Debtors Attorney.

G) The Debtors Attorney was REQUIRED to make the most basic inquiry as to the legal standard of what qualify's as a "INSIDER" status on the FORM 107. PRIOR to filing the Form. It is indisputable that the Creditor never qualified as a statutory insider for purposes of section 547. However the Debtors Attorney modified the FORM 107 and made the Creditor an "INSIDER" PRIOR TO DOING THE DUE DILIGENCE REQUIRED. This action by the Debtors Attorney required that the Creditor file Sanctions against the Debtors Attorney and provide a Safe Harbor notice for her to remove the Creditor "INSIDER" status- The Debtors Attorney was once again forced to reverse her position - Yet her actions cost the Creditor significant time, money and delay.

H) ALL the above show clearly that the Creditor would have potentially never had a need to file anything with the Federal Bankruptcy Court of the Northern District of New York - It was ONLY due to the actions by the Debtors Attorney that the Creditor had to file anything with the Federal Bankruptcy Court of the Northern District of New York. It was the Debtors Attorney who filed pleadings without a legal basic, had her Adversary Complaint Dismissed and created all the actions that the Creditor was forced to reply to creating costs and delays.

7

**WHEREFORE**, The Creditor Carnett requests that the Debtor's Motion to Dismiss the Rule 2004 Examination be denied in its entirety, together with such other and further relief requests that the Court seems just and proper.

Dated: February 22, 2024.                John B. Carnett IV

Greenwich, New York                      _____

R&F

## EXHIBIT 7

2024 FEB 23 PM 1:06

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY



**From:** John Carnett carnett
**Subject:** Jeffery Scott Davidson Chapter 7 Bankruptcy: Conference Required- Rule 2004-1 / Rule 2004 Examination:
**Date:** November 22, 2023 at 9:40 AM
**To:** elizabe

Good Morning Elizabeth:

My name is John B. Carnett IV and I am a creditor in a Chapter 7 Bankruptcy Case that you filed on behalf of your client: Jeffery Scott Davidson on 11/03/2023 in the NORTHERN DISTRICT COURT OF NY

I am contacting you today regarding Rule 2004-1 / Rule 2004 Examinations / Conference Required-

Under Fed. R. Banks. P. 2004 I am making an attempt to confer with you (Mr. Davidson's Counsel) to arrange a mutually agreeable date, time, place and scope of an examination / production of Mr. Davidson's records-

Please respond via e-mail with a date and time that we can confer telephonically so that we can schedule the Rule 2004 Examination

I look forward to working with you and your client to schedule the 2004 Examination

Cheers, John

John B. Carnett

9

R&F

# EXHIBIT 8

2024 FEB 23 PM 1:06

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

**From:** John Carnett carn
**Subject:** UPDATE: Jeffery Scott Davidson Chapter 7 Bankruptcy: Conference Required- Rule 2004-1 / Rule 2004 Examination:
**Date:** November 27, 2023 at 12:55 PM
**To:** eliza

Good Afternoon Elizabeth -

Thank You for taking my call at 9:52 AM Monday November 27, 2023

As we discussed on the telephone you are in receipt of my November 22, 2023 e-mail regarding our Rule 2004 request-

During our call we discussed the fact that the Judge requests that we make REASONABLE ATTEMPTS to CONFER and schedule a Rule 2004 Exam WITHOUT the need to file a Motion-

You mentioned on our call this AM that you just "moved your office" and that you wanted to schedule the potential exam for "weeks" from today-

I am ok providing your client up to 21 days from today (November 27, 2023) to sit for the exam as I feel that is a very reasonable period of time for your client to pull his records and for you to catch up- the meeting does not have to happen at your office- We have many other meeting location options to work with-

Please review the below with your client and select a meeting location, date & time- Then advise me **NO LATER than Wednesday November 29, 2023 at 5PM** of this date and I will confirm it with you-

If we do not have a response from you with a hard Exam date by November 29, 2003 (a week from our original Rule 2004 request date of November 22, 2023) we will file our motion and advise the Judge of our efforts to confer-

The traditional 5-15 minute meeting of the creditors will not provide the depth of the information that we are seeking-

**RULE 2004 EXAM CONFERENCE**

Our investigation of the Debtor will include the following time period and topics -

We are seeking to review the debtors acts, conduct, income, liabilities, payments to suppliers, payments to creditors and financial condition during the time period - March 2022 to November 3, 2023

March 2022 to November 3, 2023 is time period that the debtor provided us the creditor with certain information before the loan was made, information provided by the debtor when the loan was executed, information provided by the debtor when the loan was due and information provided by the debtor after the debtor defaulted on the loan-

Any information between March 2022 to November 3, 2023 that might affect the debtor's right to a bankruptcy discharge or affect the administration of the debtor's estate-

The above will require that the debtor have available all records from the time period March 2022 to November 3, 2023

If the debtor does not have the records and requires the support of his accountant Naveen Mohan / Mohan & Mohan Tax Service. We will provide Mr. Mohan with a witness fee and pay for his miles driven-

We look forward to scheduling time with you and your client Mr. Davidson to review the information above-

Cheers, John

John B. Carnett



On Nov 22, 2023, at 9:40 AM, John Carnett <carne

Good Morning Elizabeth:

My name is John B. Carnett IV and I am a creditor in a Chapter 7 Bankruptcy Case that you filed on behalf of your client: Jeffery Scott Davidson on 11/03/2023 in the NORTHERN DISTRICT COURT OF NY

I am contacting you today regarding Rule 2004-1 / Rule 2004 Examinations / Conference Required-

Under Fed. R. Banks. P. 2004 I am making an attempt to confer with you (Mr. Davidson's Counsel) to arrange a mutually agreeable date, time, place and scope of an examination / production of Mr. Davidson's records-

Please respond via e-mail with a date and time that we can confer telephonically so that we can schedule the Rule 2004 Examination

I look forward to working with you and your client to schedule the 2004 Examination

10

Cheers, John

HELLO-

This Brief is in reply to the AMENDED MOTION OF JOHN B. CARNETT FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 Matter already scheduled that Judge Littlefield will hear on February 26, 2024- at 11AM

If you could kindly add it to the system I would appreciate it-

Cheers, John

2024 FEB 23  PM 1:05
CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
ALBANY

R&F